**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **PATRICK BASSEY WILLIAMS,** | * | |
| **Plaintiff,** | * | |
| v. | * | **CIVIL NO.  RDB 04-1810** |
| **EARL S. RICHARDSON, ET AL.** | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

The procedural history of this case and its background have been set forth in this Court's Memorandum Opinion of December 9, 2004 (Paper No. 6).  In the accompanying Order of that date (Paper No. 7) this Court granted the Motion of the Defendants Morgan State University and the State of Maryland to dismiss Counts two, three, and four of the Plaintiff's Complaint, and granted the Motion of the individual Defendants Earl S. Richardson, Clara I. Adams, and Yvonne L. Bronner to dismiss Counts one and two, but denied said Motion as to Counts three and four.  As a result of this Order, the Plaintiff's Title VII discrimination claim as to the Defendants Morgan State University and the State of Maryland (Count One) and the Plaintiff's claims for defamation and intentional infliction of emotional distress brought under Maryland law against the individual Defendants Richardson, Adams, and Bronner (Counts Three and Four) survived the initial Motion to Dismiss (Paper No. 4).

Subsequent to this Court's Order of December 9, 2004, the individual Defendants Richardson, Adams, and Bronner submitted a second Motion to Dismiss (Paper No. 9) advising this Court for the

first time that an identical Complaint had been filed by the Plaintiff Williams against the same Defendants in the Circuit Court for Baltimore City in August of 2004. The individual Defendants provided a copy of this Complaint which is a verbatim recitation of the same Complaint filed in this Court.[1] These Defendants provided documentation to this Court of an Order of that Court dismissing Counts one, three, and four of the Complaint and granting summary judgment as to Count two.

The Defendants move in this second Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss for failure to state a claim for which relief can be granted and specifically contend that the remaining Counts three and four should be dismissed on the basis of *res judicata.* The issues have been briefed, this Court has reviewed the state Complaint, and no hearing is necessary. See Local Rule 105.6 (D. Md. 2004). For the reasons that follow, the second Motion to Dismiss of the individual Defendants Richardson, Adams, and Bronner with respect to Counts three and four will be GRANTED and Counts three and four will be DISMISSED WITHOUT PREJUDICE.

**Discussion**

Pursuant to 28 U.S.C. §1331, a United States District Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. Pursuant to 28 U.S.C. § 1367, a federal court may exercise supplemental jurisdiction over claims that otherwise would not be within federal jurisdiction, because the claims arise from the same set of facts as those claims that are

---

[1] Neither party had previously indicated to this Court the existence of this identical state cause of action. This state case was captioned Patrick Bassey Williams v. Earl S. Richardson, et al. No. 24-C-04-006222OT.

2

properly before the federal court. *See generally* 13 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3523 (1984); Erwin Chemerinsky, Federal Jurisdiction, § 5.4 (4th ed. 2003); *cf.* 28 U.S.C. 1367 (2000). One of the purposes of supplemental jurisdiction is "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-380 (1994).

Supplemental jurisdiction is a discretionary doctrine. Under 28 U.S.C. § 1367(c)(3), a federal court has the discretion to decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Hilliard v. Kaiser Found. Health Plan of the Mid-Atlantic States,* 169 F. Supp. 2d 416, 418-19 (D. Md. 2001). The Supreme Court has cautioned against the use of supplemental jurisdiction and suggested that in cases where the federal claims are dismissed before trial, "the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Walker v. City of Salisbury,* 170 F.Supp. 2d 541, 552 (D. Md. 2001) (declining to exercise pendent jurisdiction over plaintiffs' remaining state law claims when the court granted defendants' motion to dismiss all of plaintiffs' federal claims against the defendant).

As a result of this Court's Order of December 9, 2004, this matter clearly proceeded on Count one with respect to the allegation of discrimination under Title VII of the Civil Rights Act of 1964 against the Defendants Morgan State University and the State of Maryland. Unaware of the identical state cause of action filed in August of 2004, this Court had addressed the claims brought under Counts two, three, and four in the exercise of its supplemental jurisdiction. In light of the state cause of action now pending on appeal to the Court of Special Appeals of Maryland (Pl.'s Opp'n Resp. at 1), this

Court declines to exercise supplemental jurisdiction over these claims and shall DISMISS them WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3); *see e.g., Hinson v. Norwest Financial South Carolina, Inc.*, 239 F.3d 611, 616 (4th Cir. 2001) (holding that under 28 U.S.C. § 1367(c) a district court has discretion to remand removed state claims when the federal claims drop out of the case) (citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988).

**Conclusion**

For the foregoing reasons, the second Motion to Dismiss of the individual Defendants Richardson, Adams, and Bronner is GRANTED and Counts three and four are DISMISSED WITHOUT PREJUDICE.  A separate Order will follow.


Dated:   April 20, 2005                             /s/
                                                    Richard D. Bennett
                                                    United States District Judge